UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY DEPENBROCK,<br><br>　　　　　Plaintiff,<br>　v.<br>PARKE, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:20-cv-00492-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Jeffrey Depenbrock initiated this action on August 27, 2020, by filing an application to proceed *in forma pauperis* and attaching the Court's form complaint to proceed with an action under 42 U.S.C. § 1983 for an incarcerated litigant. (ECF No. 1.) After the Court issued a screening order on June 3, 2021 (ECF No. 3), Plaintiff filed a First Amended Complaint which listed C/O Papke, Warden I. Baca, E. Peterman, H. Wickham, and one Doe defendant as Defendants. (ECF No. 5.) Defendants Papke, I. Baca, and H. Wickham accepted service, but no proof of service has been filed as to E. Peterman. (ECF No. 15.)

On May 3, 2022, the Court issued a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m) unless proof of service is filed by June 2, 2022. To date, no proof of service has been filed and Plaintiff has not contacted the Court to request an extension of time. Because the deadline to serve E. Peterman has expired, the Court will dismiss the claim against E. Peterman without prejudice.

On May 10, 2022, Defendants I. Baca and H. Wickham filed a Suggestion of Death Upon the Record as to Ed Papke, which stated that Defendant Papke passed away on January 22, 2022. (ECF No. 24.) Defendants Baca and Wickham also stated that upon information and belief, no estate has been established for Defendant Papke.

Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and

the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). As such, if there is no motion for substitution within 90 days of the date of this order, the Court will dismiss Defendant Ed Papke from this matter.

It is therefore ordered that E. Peterman is dismissed without prejudice from this case. Plaintiff's claim may proceed against I. Baca, H. Wickham, and the Doe Defendant, and may proceed against Ed Papke if a motion for substitution is filed within 90 days of the date of this order.

It is further ordered that if a motion for substitution is not made by any party or Defendant Papke's successor or representative within 90 days of the date of this order, Defendant Papke will be dismissed with prejudice from this case.

DATED THIS 19th Day of August 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE