UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY DEPENBROCK,<br><br>　　Plaintiff<br><br>v.<br><br>PARKE, et al.,<br><br>　　Defendants | Case No.: 3:20-cv-00492-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

　　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Before the court is Plaintiff's motion to substitute "Mr. Sui" in place of decedent defendant Ed Papke. (ECF No. 31.) Defendants filed a response. (ECF No. 32.)

　　In addition, the court notes that no proof of service has been filed for defendant Peterman to date.

　　After a thorough review, it is recommended that Plaintiff's motion be denied, and that defendant Papke be dismissed from this action without prejudice. It is further recommended that defendant Peterman be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for lack of timely service.

## I. BACKGROUND

　　Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Warm Springs Correctional Center (WSCC). (*Id.*)

The court screened Plaintiff's amended complaint and allowed him to proceed with a Fourteenth Amendment due process claim arising from the alleged disclosure that he has hepatitis C against Papke, Baca, E. Peterman, and H. Wickham. (ECF No. 6.)

The Attorney General's Office accepted service on behalf of Papke, Baca, and Wickham on February 9, 2022. (ECF No. 13.)

On May 10, 2022, Defendants filed a suggestion of death for Papke on the record. (ECF No. 24.) The suggestion states that counsel searched databases and contacted clerks of court and determined no estate has been established for Papke, and he had no spouse or other heir living with him at his death. (*Id*.) District Judge Traum issued an order on August 19, 2022, stating that if no motion to substitute was filed within 90 days, then Ed Papke would be dismissed from this action. (ECF No. 26.) On September 28, 2022, Plaintiff filed this motion to substitute "Mr. Sui" in place of decedent defendant Ed Papke.

As for Peterman, his address was filed under seal, and a summons was issued, but was returned unexecuted. (ECF No. 25.) Peterman was dismissed without prejudice (ECF No. 26); however, it subsequently came to the court's attention that Plaintiff was unable to obtain the USM-285 form from the law library for Peterman. The summons was re-issued so service could be attempted again, and Plaintiff was given until October 31, 2022 to complete service as to Peterman. (ECF Nos. 28, 29.) The summons came back unexecuted again on October 14, 2022. (ECF No. 34.)

## II. PETERMAN

To date, no proof of service has been filed for Peterman. Nor has Plaintiff demonstrated good cause for extending the deadline any further. Therefore, Peterman should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

### III. PAPKE

Federal Rule of Civil Procedure 25 provides in pertinent part:

> **(a) Death**
> (1) *Substitution if the Claim is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1)

The law of the forum state generally determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *see also Robertson v. Wegmann*, 436 U.S. 588-59 (1978).

Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." Nevada Revised Statute (NRS) 41.100(1). "In an action against an executor or administrator, any damages may be awarded which would have been recovered against the decedent if the decedent had lived, except damages awardable under NRS 42.005 or 42.010 or other damages imposed primarily for the sake of example or to punish the defendant." NRS 41.100(2).

Therefore, the claim asserted against Papke is not extinguished by his death.

Plaintiff sued Papke, a corrections officer at WSCC, in his individual and official capacity.

Insofar as Plaintiff sues Papke in his individual capacity, no motion to substitute an administrator/executor of Papke's estate has been timely filed. Therefore, Papke should be dismissed in his individual capacity.

Insofar as Plaintiff sues Papke in his official capacity, Plaintiff moves to substitute "Mr. Sui," an investigator at WSCC, in his place.

Federal Rule of Civil Procedure 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies … while the action is pending. The officer's successor is automatically substituted as a party."

According to Defendants, there is no "Mr. Sui" working for NDOC; however, a Robert Suwe is an institutional investigator. They argue there is no evidence that Robert Suwe, the institutional investigator, is the successor for Correctional Officer Papke.

The Advisory Committee comments to Rule 25(d) state that "public officer" comprises "Federal, State and Local officers." Advisory Committee Notes to the 1961 Amendment. Nevada Revised Statute 281A.160 defines a "public officer" as a person *elected or appointed* to a position which: "(a) is established by the Constitution of the State of Nevada, a statute of this State or a charter or ordinance of any county, city or other political subdivision; and (b) involves the exercise of a public power, trust or duty." It does not appear that a prison correctional officer is a "public officer" for purposes of Rule 25(d). Therefore, Papke should also be dismissed in his official capacity.

Rule 25(a)(1) "does not specify whether the dismissal 'must' be *with prejudice*." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis original). The Ninth Circuit has noted, however, that "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" *Id*. (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); *United States v. Miller Bros Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974); 7C Charles Alan Wright, et. al., Federal

4

Practice and Procedure § 1955 (3d ed. 2017)). Rule 6(b) would govern a late motion to substitute. *Id*. at 1095.

In case Plaintiff should obtain information identifying Papke's executor or administrator after the 90-day period expires, Papke's dismissal should be without prejudice insofar as he is sued in his individual capacity. *See id.* (noting that dismissal with prejudice is not mandatory).

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order: (1) **DISMISSING WITHOUT PREJUDICE** E. Peterman under Federal Rule of Civil Procedure 4(m); and (2) **DISMISSING WITH PREJUDICE** Papke insofar as he is sued in his official capacity, but **DISMISSING** Papke **WITHOUT PREJUDICE** insofar as he is sued in his individual capacity.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 28, 2022

_____
Craig S. Denney
United States Magistrate Judge