UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY DEPENBROCK, <br><br> Plaintiff, <br> v. <br> PARKE, *et al.*, <br><br> Defendants. | Case No. 3:20-cv-00492-ART-CSD <br><br> ORDER |

 *Pro se* Plaintiff Jeffrey Depenbrock brings this action under 42 U.S.C. § 1983 against four defendants: Papke, Peterman, Wickham, and Baca. Before the Court are: (1) the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 35), recommending that Plaintiff's motion to substitute Defendant Papke with his successor "Mr. Sui" be denied and that Defendant Peterman be dismissed pursuant to Fed. R. Civ. P. 4(m); and (2) the R&R of Judge Denney (ECF No. 45) recommending that Defendants Wickham and Baca's motion for summary judgment be granted. Plaintiff had until December 12, 2022 to file an objection to the first R&R and until May 16, 2023 to file an objection to the second. To date, no objection to either R&R has been filed. For this reason, and as explained below, the Court adopts the R&R's and will dismiss Defendants Papke and Peterman and grant Defendants Wickham and Baca's motion for summary judgment, closing this case.

 The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v.*

1

*Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there are no objections, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. In the first R&R, Judge Denney recommends denial of Plaintiff's motion to substitute Defendant Papke and dismissal of Defendants Papke and Peterman from this case. (ECF No. 35 at 5.) On May 10, 2022, a suggestion of death upon the record was filed regarding Defendant Papke. (ECF No. 24.) Plaintiff's motion for substitution seeks to substitute "Mr. Sui," who is allegedly an investigator and Defendant Papke's successor, which Defendants opposed on the basis that there is no "Mr. Sui" working for NDOC; while there is a Robert Suwe working as an institutional investigator, there is no evidence that he is the successor to Defendant Correctional Officer Papke. Judge Denney recommends dismissal with prejudice of Defendant Papke in his official capacity since a prison correctional officer is not a "public officer" for the purposes of Fed. R. Civ. P. 25(d), and Judge Denney recommends dismissal without prejudice of Defendant Papke in his individual capacity. Regarding Defendant Peterman, Judge Denney recommends dismissal without prejudice under Fed. R. Civ. P. 4(m) because no proof of service has been filed for Defendant Peterman and there is no apparent good cause for further extension. The Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

In the second R&R, Judge Denney recommends granting Defendants Wickham and Baca's motion for summary judgment, which would terminate this case since no defendants would remain. (ECF No. 45 at 11.) This case involves

the alleged improper disclosure of Plaintiff's medical condition in the course of an investigation following Plaintiff's taking a drug test which showed a result of low creatine, which can indicate dilution of the sample. The R&R explains that the disclosure of this information in an investigative report and notice of charges falls within legitimate penological interests, that Defendants Wickham and Baca did not personally request or author the investigative report and notice of charges, and that qualified immunity is appropriate since Plaintiff's alleged constitutional right to privacy in this situation is not clearly established. The Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 35) is accepted and adopted in full. Plaintiff's motion to substitute party (ECF No. 30) is denied. Defendant Papke is dismissed from this case with prejudice with respect to his official capacity and dismissed without prejudice with respect to his individual capacity. Defendant Peterman is dismissed from this case without prejudice.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 45) is accepted and adopted in full. Defendants Wickham and Baca's motion for summary judgment (ECF No. 36) is granted.

The Clerk of Court is directed to administratively close this case.

DATED THIS 16th day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3